STATE V. LERMAN

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**BENJAMIN B. LERMAN,**
**Defendant-Appellant.**

NO. A-1-CA-37657

COURT OF APPEALS OF NEW MEXICO

January 31, 2019

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY

**COUNSEL**

Fred T. Van Soelen, District Judge, Hector H. Balderas, Attorney General, Santa Fe, NM, Martha Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellee

Gary C. Mitchell, P.C., Gary C. Mitchell, Ruidoso, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals his conviction of child solicitation following a jury trial. [DS 1] This Court issued a notice of proposed summary disposition, proposing to affirm. [CN 10-11] Defendant has filed a memorandum in opposition to that disposition, which we have duly considered. As we are unpersuaded by Defendant's arguments, we affirm.

**{2}** With regard to various constitutional challenges to the statute under which he was convicted, Defendant's memorandum in opposition invites this Court to overrule its opinion in *State v. Ebert*, 2011-NMCA-098, 150 N.M. 576, 263 P.3d 918. [MIO unnumbered page 3] For the reasons expressed in *Ebert*, itself, we find Defendant's arguments regarding free speech, the commerce clause, and due process to be unpersuasive. We decline Defendant's invitation to revisit that opinion.

**{3}** Defendant also continues to assert that criminal sexual communication is a lesser included and more specific offense than child solicitation. [MIO unnumbered pages 9-10] In doing so, Defendant continues to assert that the elements of criminal sexual communication are a subset of the elements of child solicitation pursuant to the modified *Blockburger* test articulated in our case law. [Id.] As our notice of proposed summary disposition pointed out, however, child solicitation—unlike criminal sexual communication—does not require that Defendant have sent a child "obscene images of [his] intimate parts." [CN 3] As a result, the elements of criminal sexual communication are not a subset of the elements of child solicitation. Having failed to address this central flaw in his own reasoning despite the extended discussion of that flaw in our notice of proposed summary disposition [CN 3-5], Defendant has failed to meet his burden on appeal. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that a memorandum in opposition to summary disposition "must come forward and specifically point out errors of law and fact").

**{4}** Defendant also continues to assert that the district court should have instructed the jury with regard to the defense of entrapment, relying upon "his arguments set forth in his docketing statement." [MIO unnumbered page 11] Repetition of earlier arguments, however, does not satisfy a party's burden in responding to a summary calendar notice. *See id.*

**{5}** Finally, counsel complains that this Court's notice of summary disposition "berated [him] for not providing [this] Court with the [a]ffidavits" supporting a search warrant. [MIO unnumbered page 11] In fact, this Court admonished counsel for his failure to comply with Rule 12-208 NMRA, which neither requires nor permits the attachment of exhibits to a docketing statement. [CN 9-10] Instead, that rule requires trial counsel to summarize the material facts. Rule 12-208(D)(3). Defendant's docketing statement did not do so, as demonstrated by the fact that his memorandum in opposition now summarizes two single-spaced pages of additional relevant facts. [MIO unnumbered page 12-13]

**{6}** Unless counsel believed both that this Court would simply overlook the facts relied upon by the district court and also that the State would fail to bring those facts to our attention in its own memorandum in opposition, his omission of relevant facts was an exceedingly poor appellate strategy. And, as pointed out in our notice of proposed summary disposition, it is also a strategy that exposes counsel to the risk of sanction for contempt. [CN 10]

**{7}**     Having reviewed the additional facts contained in Defendant's memorandum, we do not agree with his characterization that the police "stopped a person for no other reason than walking through a public mall at a reasonable hour, having a cell phone and looking nervous." [MIO unnumbered page 17] Instead, we note that Defendant's memorandum does not assert any factual error in our notice of proposed summary disposition, which described the months-long investigation that preceded Defendant setting up a meeting at a shopping mall with a sheriff's deputy portraying herself as a 15-year-old girl before arriving "roughly on time, walk[ing] past the meeting place twice, [being] seen sending a text message to the deputy who was portraying the 15-year-old girl, and then in apparent response to her sending a new meeting location proceed[ing] to that new location." [CN 6, 9; See MIO 12-13] We conclude that the facts known to the deputies on the scene were sufficient to support a reasonable belief that a crime was being committed and that Defendant was the person committing that crime. *See Benavidez v. Shutiva*, 2015-NMCA-065, ¶ 12, 350 P.3d 1234 (defining probable cause).

**{8}**     The judgment and sentence of the district court is affirmed.

**{9}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**